242 F.2d 433
 DEEP SEA TANKERS, Limited, in its own behalf, as owner of the S/T Rincon Hills, and as bailee of the cargo laden thereon, and Shell Oil Company, Incorporated, as charterer of said vessel, Libellants-Appellants,
v.
THE LONG BRANCH, the Railway Carfloats Nos. 61 and 56, Central Railroad Company of New Jersey, the steamtugs Ajax and Bjax, the sand barges A, B and C, and Metropolitan Sand & Gravel Corporation, Respondents-Appellees.
Matter of the Petition of the CENTRAL RAILROAD COMPANY OF NEW JERSEY, as owner of The Long Branch for exoneration from or limitation of liability.
Matter of the Petition of the CENTRAL RAILROAD COMPANY OF NEW JERSEY, as owner of the carfloat known and designated as THE CRR of NJ No. 56, for exoneration from or limitation of liability.
Matter of the Petition of the CENTRAL RAILROAD COMPANY OF NEW JERSEY, as owner of the carfloat known and designated as THE CRR of NJ No. 61, for exoneration from or limitation of liability.
THE RINCON HILLS.
THE AJAX.
THE BJAX.
THE A, B and C.
THE CRR OF NJ NOS. 56 and 61.
 Docket 24439-42.
 United States Court of Appeals Second Circuit.
 Motions Argued March 4, 1957.
 Decided March 14, 1957.
 
 Haight, Gardner, Poor & Havens, New York City, for libellants-appellants.
 Macklin, Speer, Hanan & McKernan, New York City, for respondent-appellees.
 Vincent E. McGowan, New York City (Gerald J. McKernan, New York City, of counsel), for Central R. Co. of New Jersey.
 Before MEDINA and WATERMAN, Circuit Judges, and GALSTON, District Judge.
 MEDINA, Circuit Judge.
 
 
 1
 These consolidated cases were tried before Judge Goddard March 11 to June 10, 1955, inclusive. At the conclusion of the trial it was ordered that briefs and all exhibits, together with the transcript of the testimony, be filed by October 3, 1955, oral arguments to be heard later. Judge Goddard died on August 26, 1955.
 
 
 2
 Thereafter certain holographic notes made by Judge Goddard during the trial, containing observations and comments relative to the demeanor and credibility of some of the witnesses and other matters, were discovered and placed in the file envelope in the Clerk's Office.
 
 
 3
 After some preliminaries it was finally stipulated by the parties that the consolidated cases be submitted to Judge Clancy for determination "on the record made at the trial."
 
 
 4
 The appendix to the brief for libellants-appellants herein includes photostatic copies of Judge Goddard's holographic notes and references thereto are made in the brief in support of the points urged by appellants as grounds for a reversal of the decree made by Judge Clancy.
 
 
 5
 Appellees now move for an order directing the filing of a new brief and appendix by appellants omitting copies of Judge Goddard's notes and all references thereto.
 
 
 6
 We hold that Judge Goddard's notes are not part of "the record made at the trial" of the case before him. Nor do they constitute findings of fact; nor are they "original papers" within the meaning of Rule 11 of this Court, 28 U.S.C.A., which provides that appeals shall be heard "on the original papers, which papers shall constitute the record on appeal."
 
 
 7
 It does not appear whether or not Judge Clancy read them, but we hold this not to be material, as they were no more than private, preliminary observations such as are commonly made by many trial judges, to be given such consideration as may be deemed proper by the trial judge when he studies the record later, and, in the light of the transcript of the testimony as a whole, the exhibits and the briefs and oral argument of counsel, if any, makes a definitive determination of the facts and the law to be applied thereto.
 
 
 8
 When a judge dies and the case is turned over to another judge for decision on the basis of the trial record already made, the judge deciding the case must decide all questions, including those relating to the credibility of witnesses, from the cold record before him, and without reference to any notes or memoranda made for his private use by the judge before whom the testimony was taken, or any other extraneous matter.
 
 
 9
 The motions are granted and appellants are directed to file a new brief and appendix containing no reference to Judge Goddard's notes.